UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHASITY WATKINS, Individually and as Guardian of the Person and Estate of AIDEN GREEN, a Minor, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br> VHS WEST SUBURBAN MEDICAL CENTER, INC., <br> MARY LEUNG, R.N., KARRI MACMILLIAN, D.O., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 18-cv-4142 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFF'S MOTION TO FILE A SUR-REBUTTAL REPORT**

NOW comes the Plaintiff, CHASITY WATKINS, individually and as Guardian of the Person and Estate of AIDEN GREEN, a Minor, by and through her attorneys, Cogan & Power, P.C. and as and for her Motion to File Sur-Rebuttal Report, states as follows:

**Background**

This is a medical malpractice action brought against Defendants, VHS West Suburban Medical Center, Inc., (hereinafter "West Suburban") and the United States of America (hereinafter "United States"). The Plaintiff alleges that the Defendants failed to monitor Baby Aiden Green *in utero* while his mother, Chasity Watkins, was on the Labor and Delivery floor at West Suburban. Plaintiff claims that as a result of the Defendants' negligence, Baby Aiden suffered a severe brain injury.

1

**Procedural History**

Collectively, the parties have disclosed 21 retained experts in this case. All of them have been deposed. This motion only concerns Plaintiff's retained placental pathology expert, Janice Lage, M.D.

The Defendant United States disclosed its own placental pathology expert, Weslie Tyson, M.D., who originally wrote a report and then an addendum to his report before he was deposed for the first time on March 5, 2020. In essence, Dr. Tyson's opinion is that the placental pathology specimens demonstrate abnormalities related to two cord compressive events. He further opined that one of those events occurred at a period of time prior to Baby Aiden's delivery, or, in other words, at a time separate from when Plaintiffs allege the Defendants committed medical negligence, causing Baby Aiden's injury.

With the permission of Your Honor, Plaintiff disclosed Dr. Lage as an expert to rebut the opinions of Dr. Tyson. The Defendants deposed Dr. Lage on November 9, 2020. At that point, the parties completed the conventional medical malpractice expert discovery phase of this case. Plaintiffs disclosed and produced expert witnesses for deposition, the defense disclosed and produced expert witnesses for deposition, and then the Plaintiff disclosed and produced rebuttal expert witnesses for deposition given the Plaintiff has the burden of proof.

Nevertheless, the United States filed a Motion to Disclose Two "Rebuttal" Reports on November 13, 2020.[1] As to Dr. Tyson, the United States sought leave to file his third report so he could opine on what the United States suggested was new evidence. The United States argued a

---

[1] The United States referred to these reports as "rebuttal" reports in filings. Plaintiff believes that these reports are more accurately known as "sur-rebuttal" reports as they responded to Plaintiff's rebuttal opinions. Nevertheless, to avoid confusion, Plaintiff will refer to Dr. Lage's report Plaintiff seeks to file with this motion as a "sur-rebuttal" report.

third report was necessary because initially Dr. Tyson and Dr. Lage each reviewed a separate set of duplicate pathology slides. They later exchanged the slides. The United States asserted the duplicative slides that Dr. Lage previously reviewed were new evidence.

Plaintiff filed a Response in Opposition to the United States' Motion. Plaintiff's Response included the explanation that it is standard practice in pathology to cut a set of duplicate slides (recut slides) when other pathologists need to review a case. Plaintiff further explained that the slides are representative of the same tissue. Indeed, in this case, tissue blocks were retained by Defendant, West Suburban. Recut slides from the same placental specimens that were approximately 4 microns (or $4/1000^{th}$ of an inch) apart from each other were made and provided to Dr. Lage and Dr. Tyson. (See Plaintiff's Response, attached as Exhibit "A"). Plaintiff contended the slides were essentially the same evidence and further expert disclosures were unnecessary.

This Honorable Court overruled Plaintiff's objection and granted the United States leave to file Dr. Tyson's rebuttal report. (See attached Exhibit "B"). During the hearing when Your Honor ruled on this matter, Thomas H. Murphy, counsel for Plaintiff, stated to the court that based on the ruling, Plaintiff may seek to file Dr. Lage's own opinions or sur-rebuttal report after Dr. Lage reviews the second set of duplicate slides just as Dr. Tyson did and Plaintiff's counsel deposes Dr. Tyson again.

Plaintiff deposed Dr. Tyson for the second time on January 13, 2021. Plaintiff sent Dr. Tyson's deposition transcript to Dr. Lage and Dr. Lage issued her report in response. (See attached Exhibit "C").

Dr. Tyson has been allowed to review both sets of duplicate slides and issue reports on both on separate occasions. Without leave to disclose Dr. Lage's new report, Plaintiff would be

denied the opportunity for her expert to do the same. In order to present Dr. Lage's testimony at trial, Plaintiff must disclose Dr. Lage's "sur-rebuttal" opinions, otherwise, Rule 37(c)(1) may require their exclusion at trial. "Under Rule 37(c)(1) "exclusion of non-disclosed evidence is automatic and mandatory…unless non-disclosure was justified or harmless." *Tribble v. Evangelides*, 670 F.3d 753, 760 (7th Cir. 2012), *as amended* (Feb. 2, 2012) (quoting *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 758 (7th Cir. 2004)). Accordingly, Plaintiff would be substantially prejudiced if she was forced to go to trial without the opportunity for her placental pathology expert, Dr. Lage, to file her February 21, 2021 rebuttal report.

WHEREFORE, the Plaintiff moves this Court for leave to File Janice Lage, M.D.'s Sur-Rebuttal Report.

/s/Thomas H. Murphy
One of the Attorneys for Plaintiff

Michael P. Cogan, Esq.
John M. Power, Esq.
Thomas H. Murphy, Esq.
Sara M. Davis, Esq.
**COGAN & POWER, P.C.**
One East Wacker Drive, Suite 510
Chicago, Illinois 60601
(312) 477-2500
(312) 477-2501 (Fax)
mcogan@coganpower.com
jpower@coganpower.com
tmurphy@coganpower.com
sdavis@coganpower.com